BERNARD J. KORNBERG (State Bar No. 252006)
bernard.kornberg@practus.com
PRACTUS, LLP
58 West Portal Ave PMB 782
San Francisco, CA 94127
p: 341.234.6629

Attorneys for Intellivest Securities, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| INTELLIVEST SECURITIES, INC., a Georgia Corporation,<br><br>Petitioner,<br><br>vs.<br><br>GROWTH CAPITAL SERVICES, INC., a Delaware corporation,<br><br>Respondent. | Case No. 3:22-cv-02522<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND ENTER FINAL JUDGMENT** |

Pursuant to Title 9 of the U.S. Code (the "FAA"), petitioner Intellivest Securities, Inc. ("Intellivest") petitions this Court to confirm the final arbitration award (the "Award") against respondent Growth Capital Services, Inc. ("Growth Capital"), dated January 10, 2022, in the arbitration captioned *In the Matter of the Arbitration Between Intellivest Securities, Inc. vs. Growth Capital Services, Inc.*, FINRA Case No. 20-04057 (the "Arbitration").

**THE PARTIES**

1. Intellivest is a Georgia Corporation with its principal place of business located in Riverdale, Georgia. Intellivest is a broker-dealer member of the Financial Industry Regulatory Authority, Inc. ("FINRA"), CRD # 145022 and is registered with the Securities and Exchange Commission (the "SEC"), SEC # 8-51247.

2. Growth Capital is a Delaware Corporation with its principal place of business located in San Francisco, California. Growth Capital is a broker-dealer member of FINRA, CRD # 124658, and was, until after the issuance of the Award, registered with the SEC, SEC # 8-65705.

**JURISDICTION AND VENUE**

3. The jurisdiction of the Court over the subject matter of this action is predicated on diversity jurisdiction as defined by 28 U.S.C. §1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000 and the claims are between citizens of different states.

4. This Court has personal jurisdiction over Growth Capital as it had minimum contacts with the State of California, conducted business in California both generally and with respect to the dispute at issue, and its CEO, Brian Dunn, resides in California and conducts business from California.

5. The FAA applies to this action. By registering with FINRA, Intellivest and Growth Capital agreed, pursuant to FINRA Rule 0140, to comply with the FINRA Rules. Under FINRA Rule 13200, both Intellivest and Growth Capital agreed to mandatory arbitration as to any dispute between members arising out of their business activities.

6. In addition, both Intellivest and Growth Capital entered FINRA Submission Agreements where both parties agreed to submit their dispute to the FINRA arbitration panel out of which the Award arises.

7. Venue is proper under 9 U.S.C. § 9. FINRA Rule 13904(a) provides that "awards may be entered as a judgment in any court of competent jurisdiction."

**THE ARBITRATION**

8. On or about December 15, 2020, Intellivest submitted a Statement of Claim with FINRA, which initiated the Arbitration against Growth Capital. A copy of the Statement of Claim, which is incorporated by reference, is attached to the accompanying declaration of Daniel H. Kolber (the "Kolber Decl.") as Exhibit A.

9. The statement of claim generally alleges that Intellivest is a registered broker-dealer which specializes in raising capital for clients from investors seeking to make impact investments.

10. In 2018, Intellivest had, aside from its president, Daniel Kolber, four registered representatives. Growth Capital, seeking to grow its impact investing group, wrongfully raided those representatives, causing them to breach their fiduciary duties and employment agreements

with Intellivest.

11. Growth Capital further stole Intellivest's trade secrets when it raided Intellivest's representatives.

12. Growth Capital further unlawfully sought to divert certain deferred fees owed to Intellivest to Growth Capital.

13. On that basis, the Statement of Claim brought causes of action for (i) raiding; (ii) misappropriation of trade secrets; (iii) inducement of the breach of fiduciary duty/duty of loyalty; (iv) tortious interference with economic advantage and business relations; (v) conspiracy; (vi) unfair competition and unjust enrichment; (vii) punitive damages; and (viii) attorneys' fees and costs.

14. On about December 14, 2020, Intellivest signed the FINRA Submission Agreement in which it agreed to arbitrate the dispute. A copy of the Intellivest Submission Agreement is attached to the accompanying Kolber Decl. as Exhibit B.

15. On about February 3, 2021, Growth Capital signed the FINRA Submission Agreement in which it agreed to arbitrate the dispute. A copy of the Growth Capital Submission Agreement is attached to the accompanying Kolber Decl. as Exhibit C.

16. On or about April 7, 2021, a prehearing conference was held. At the prehearing conference, the parties accepted Paul Joseph McIntyre, Brian Walsh Devlin, and Richard Moore as arbitrators. A copy of the Initial Prehearing Conference Scheduling Order reflecting this selection Agreement is attached to the accompanying Kolber Decl. as Exhibit D.

17. On January 10, 2022, the tribunal issued the Award in favor of Intellivest and against Growth Capital in the amount of $908,929.5, constituting (i) $440,187.50 in compensatory damages; (ii) $150,000 in punitive damages pursuant to George Code sections 51-12-5.1 and 10-1-763; (iii) $21,742.00 in costs; (iv) $295,000 in attorneys' fees pursuant to George Code section 10-1-764; and (v) $2,000 to reimburse Intellivest for the non-refundable portion of the filing fee previously paid to FINRA Dispute Resolution Services. A copy of the Award, which is incorporated by reference, is attached to the accompanying Kolber Decl. as Exhibit E.

18. Growth Capital did not pay any part of the Award within thirty days of service of

the Award, nor at any time thereafter. Pursuant to pursuant to FINRA Rule 13904(j) and Ga. Code Ann. § 7-4-12(a), Intellivest is entitled to post-award interest at a rate of 6.25%.

**PRAYER**

Intellivest respectfully requests as follows:

1. That the Court confirm the Award in its entirety;

2. That the Court enter judgment in favor of Intellivest and against Growth Capital in the amount of the Award, along with daily interest in the amount of $155.63 from January 10, 2022 until the date of entry of the judgment;

3. For an award of attorney's fees and costs of suit; and

4. For such other and further relief as this Court deems just and proper.

DATED: April 26, 2022                    PRACTUS, LLP


By:     /s/ Bernard J. Kornberg
        BERNARD J. KORNBERG

Attorneys for Intellivest Securities, Inc.