1  BERNARD J. KORNBERG (State Bar No. 252006)
   bernard.kornberg@practus.com
2  PRACTUS, LLP
   58 West Portal Ave PMB 782
3  San Francisco, CA 94127
   p: 341.234.6629
4
   Attorneys for Intellivest Securities, Inc.
5

6                    UNITED STATES DISTRICT COURT

7         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

8

| 9  INTELLIVEST SECURITIES, INC., a Georgia Corporation, | Case No. 3:22-cv-02522 |
|---|---|
| 10             Petitioner, | **DECLARATION OF DANIEL H. KOLBER IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND ENTER FINAL JUDGMENT** |
| 11         vs. | |
| 12  GROWTH CAPITAL SERVICES, INC., a Delaware corporation, | |
| 13             Respondent. | |

15

16       I, Daniel H. Kolber, state and declare as follows:

17       1.      I am the President and Chief Executive Officer of Intellivest Securities, Inc.,

18 ("Intellivest") the petitioner in this action. Except as otherwise stated, I make this declaration

19 from my own personal and first-hand knowledge.

20       2.      Intellivest is a Georgia Corporation with its principal place of business located in

21 Riverdale, Georgia. Intellivest is a broker-dealer member of the Financial Industry Regulatory

22 Authority, Inc. ("FINRA"), CRD # 145022 and is registered with the Securities and Exchange

23 Commission (the "SEC"), SEC # 8-51247.

24       3.      To the best of my knowledge, Growth Capital is a Delaware Corporation with its

25 principal place of business located in San Francisco, California. As set forth by the the FINRA

26 maintained website Broker-Check, located at https://brokercheck.finra.org/, Growth Capital is a

27 broker-dealer member of FINRA, CRD # 124658, and was registered with the SEC, SEC # 8-

28 65705.

4.      To the best of my knowledge, Growth Capital, for all relevant time periods, conducted business in California both generally and with respect to the dispute at issue, and its CEO, Brian Dunn, resides in California and conducts business from California.

5.      By registering with FINRA, Intellivest and Growth Capital agreed, pursuant to FINRA Rule 0140, to comply with the FINRA Rules.  Under FINRA Rule 13200, both Intellivest and Growth Capital agreed to mandatory arbitration as to any dispute between members arising out of their business activities.

6.      On or about December 15, 2020, Intellivest submitted a Statement of Claim with FINRA, which initiated the arbitration captioned *In the Matter of the Arbitration Between Intellivest Securities, Inc. vs. Growth Capital Services, Inc.*, FINRA Case No. 20-04057 (the "Arbitration").  A copy of the Statement of Claim is attached to this declaration as Exhibit A.

7.      On about December 14, 2020, Intellivest signed the FINRA Submission Agreement in which it agreed to arbitrate the dispute.  A copy of the Intellivest Submission Agreement is attached to this declaration as Exhibit B.

8.      On about February 3, 2021, Growth Capital signed the FINRA Submission Agreement in which it agreed to arbitrate the dispute.  A copy of the Growth Capital Submission Agreement is attached to this declaration as Exhibit C.

9.      On or about April 7, 2021, a prehearing conference was held.  At the prehearing conference, the parties accepted Paul Joseph McIntyre, Brian Walsh Devlin, and Richard Moore as arbitrators.  A copy of the Initial Prehearing Conference Scheduling Order reflecting this selection Agreement is attached to this declaration as Exhibit D.

10.     On January 10, 2022, the tribunal issued an award in favor of Intellivest and against Growth Capital in the amount of $908,929.5, constituting (i) $440,187.50 in compensatory damages; (ii) $150,000 in punitive damages pursuant to George Code sections 51-12-5.1 and 10-1-763; (iii) $21,742.00 in costs; (iv) $295,000 in attorneys' fees pursuant to George Code section 10-1-764; and (v) $2,000 to reimburse Intellivest for the non-refundable portion of the filing fee previously paid to FINRA Dispute Resolution Services (the "Award").  A copy of the Award is attached to this declaration as Exhibit E.

11. Growth Capital did not pay any part of the Award within thirty days of service of the Award, nor at any time thereafter.

I declare under penalty of perjury under the laws that the foregoing is true and correct. Executed on April 26, 2022.

/s/ Daniel H. Kolber
Daniel H. Kolber

I, the filer of this document, hereby attest that each of the signatories to this document have concurred in the filing of the document.

/s/ Bernard J. Kornberg