1  BERNARD J. KORNBERG (State Bar No. 252006)
   bernard.kornberg@practus.com
2  PRACTUS, LLP
   58 West Portal Ave PMB 782
3  San Francisco, CA 94127
   p: 341.234.6629
4
   Attorneys for Intellivest Securities, Inc.
5

6                       UNITED STATES DISTRICT COURT

7           NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

8

9  INTELLIVEST SECURITIES, INC., a         Case No. 3:22-cv-02522
   Georgia Corporation,
10                                          **NOTICE OF MOTION AND MOTION TO
             Petitioner,                    GRANT PETITION TO CONFIRM
11                                          ARBITRATION AWARD AND ENTER
       vs.                                  FINAL JUDGMENT; MEMORANDUM
12                                          OF POINTS AND AUTHORITIES**
   GROWTH CAPITAL SERVICES, INC., a
13 Delaware corporation,                    Date:  June 16, 2022
                                            Time:  1:30 p.m.
14           Respondent.
                                            Judge:  The Hon Kandis A. Westmore
15

16                          **NOTICE OF MOTION AND MOTION**

17         Please take notice that on June 16, 2022 at 1:30 p.m., petitioner Intellivest Securities, Inc.

18 ("Intellivest") will move the Court to grant its petition to confirm the arbitration award against

19 respondent Growth Capital Services, Inc. ("Growth Capital"), dated January 10, 2022, as provided

20 for by the Federal Arbitration Act, 9 U.S.C. § 9, *et seq*.

21         This motion is supported by the Petition to Confirm Arbitration Award and Enter Final

22 Judgment (Dkt. #1) (the "Petition") and the Declaration of Daniel H. Kolber in Support of Petition

23 to Confirm Arbitration Award and Enter Final Judgment (Dkt. #2) (the "Kolber Decl."), along

24 with all other pleadings or papers in this case.

25         Please take further notice that, pursuant to the Court's scheduling notes available at

26 https://apps.cand.uscourts.gov/CEO/cfd.aspx?71bu#Notes, the Court will decide all motions on

27 the papers unless the Court determines a hearing is necessary.  If the Court decides to set a

28 hearing, the hearing will be held by Zoom videoconference and a notice will be filed on the

1  docket.

3  DATED: April 27, 2022                    PRACTUS, LLP

                                            By:    /s/ Bernard J. Kornberg
                                                   BERNARD J. KORNBERG

                                            Attorneys for Intellivest Securities, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

Intellivest is a Georgia Corporation with its principal place of business located in Riverdale, Georgia.  Kolber Decl. ¶ 2 (Dkt. #1).  Intellivest is a broker-dealer member of the Financial Industry Regulatory Authority, Inc. ("FINRA"), CRD # 145022 and is registered with the Securities and Exchange Commission (the "SEC"), SEC # 8-51247.  Kolber Decl. ¶ 2 (Dkt. #1).

Growth Capital is a Delaware Corporation with its principal place of business located in San Francisco, California.  Kolber Decl. ¶ 3, Dkt. #1.  Growth Capital is a broker-dealer member of FINRA, CRD # 124658, and was, until after the issuance of the Award, registered with the SEC, SEC # 8-65705.  Kolber Decl. ¶ 3, Dkt. #1.

On or about December 15, 2020, Intellivest submitted a Statement of Claim with FINRA, which initiated an arbitration proceeding against Growth Capital captioned *In the Matter of the Arbitration Between Intellivest Securities, Inc. vs. Growth Capital Services, Inc.*, FINRA Case No. 20-04057 (the "Arbitration").  Kolber Decl. ¶ 6, Dkt. #1; Statement of Claim, Dkt. # 2-1.

The statement of claim generally alleges that Intellivest is a registered broker-dealer which specializes in raising capital for clients from investors seeking to make impact investments.  In 2018, Intellivest had, aside from its president, Daniel Kolber, four registered representatives.  Growth Capital, seeking to grow its impact investing group, wrongfully raided those representatives, causing them to breach their fiduciary duties and employment agreements with Intellivest.  Growth Capital further stole Intellivest's trade secrets when it raided Intellivest's representatives.  Growth Capital further unlawfully sought to divert certain deferred fees owed to Intellivest to Growth Capital.  On that basis, the Statement of Claim brought causes of action for (i) raiding; (ii) misappropriation of trade secrets; (iii) inducement of the breach of fiduciary duty/duty of loyalty; (iv) tortious interference with economic advantage and business relations; (v) conspiracy; (vi) unfair competition and unjust enrichment; (vii) punitive damages; and (viii) attorneys' fees and costs.  See Statement of Claim, Dkt. # 2-1.

On about December 14, 2020, Intellivest signed a FINRA Submission Agreement in which

it agreed to arbitrate the dispute.  Intellivest Submission Agreement, Dkt. # 2-2

On about February 3, 2021, Growth Capital signed the FINRA Submission Agreement in which it agreed to arbitrate the dispute.  Growth Capital Submission Agreement, Dkt. # 2-3.

On or about April 7, 2021, a prehearing conference was held.  At the prehearing conference, the parties accepted Paul Joseph McIntyre, Brian Walsh Devlin, and Richard Moore as arbitrators.  Initial Prehearing Conference Scheduling Order, Dkt. # 2-4.

On January 10, 2022, the tribunal issued an award in favor of Intellivest and against Growth Capital in the amount of $908,929.5, constituting (i) $440,187.50 in compensatory damages; (ii) $150,000 in punitive damages pursuant to George Code sections 51-12-5.1 and 10-1-763; (iii) $21,742.00 in costs; (iv) $295,000 in attorneys' fees pursuant to George Code section 10-1-764; and (v) $2,000 to reimburse Intellivest for the non-refundable portion of the filing fee previously paid to FINRA Dispute Resolution Services (the "Award").  Award, Dkt. # 2-5.

Growth Capital did not pay any part of the Award within thirty days of service of the Award, nor at any time thereafter.  Kolber Decl. ¶ 11, Dkt. #1.

## II.  THE COURT SHOULD CONFIRM THE ARBITRATION AWARD

**A.    Venue is Proper**

The Court may confirm an arbitration award in any venue provided for under the underlying arbitration agreement.  9 U.S.C. § 9.  FINRA Rule 13904(a) provides that "awards may be entered as a judgment in any court of competent jurisdiction."[1]  Accordingly, venue is proper if this Court has jurisdiction over this case.

This Court has jurisdiction.  First, diversity jurisdiction exists as Intellivest and Growth Capital are citizens of different states and the amount of the award exceeds $75,000.  28 U.S.C. § 1332(a).  Second, personal jurisdiction exists as Growth Capital, for all relevant time periods, conducted business in California both generally and with respect to the dispute at issue, and its CEO, Brian Dunn, resides in California and conducts business from California.  Kolber Decl. ¶ 4, Dkt. #1.  This is more than sufficient to create personal jurisdiction.  *Schwarzenegger v. Fred*

---

[1] https://www.finra.org/rules-guidance/rulebooks/finra-rules/13904

Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (summarizing relevant law).

**B.     Intellivest Has Complied with the FAA**

In order to confirm an award, the FAA requires that certain documents be filed with the Court.

> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
>
> (b) The award.
>
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

9 U.S.C. § 13.

Intellivest has complied with subsection (a) and (b) of these requirements by attaching the arbitration agreements (Intellivest Submission Agreement, Dkt. # 2-2; Growth Capital Submission Agreement, Dkt. # 2-3), the order selecting the arbitrators (Initial Prehearing Conference Scheduling Order, Dkt. # 2-4), and the Award (Award, Dkt. # 2-5). As to subsection (c), all papers in this matter are on file with the Court.

Finally, as to service, compliance with the service requirements of Federal Rule of Civil Procedure 4 constitutes good service under the FAA. *LG Elecs. MobileComm U.S.A., Inc. v. Reliance Commc'ns, LLC*, 2018 WL 2059559, at *3 (S.D. Cal. May 3, 2018); 9 U.S.C. § 9. Intellivest has served the petition, the declaration, this motion, and all other documents as required by Rule 4.

**C.     Intellivest Is Entitled to Post-Award Interest**

Pre-judgment, post-award interest is generally allowed upon confirmation of the award. *See Am. Tel. & Tel. Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996) FINRA Rule 13904(j) provides that "[i]nterest shall be assessed at the legal rate, if any, then prevailing in

the state where the award was rendered, or at a rate set by the arbitrator(s)."[2]  The Award does not specifically set a rate of interest and was rendered in Georgia.  Award, Dkt. # 2-5.  Therefore, Georgia law applies as to the application of interest.

Under Georgia law, post-award interest is the prime rate as of the date of the award, plus 3%. Ga. Code Ann. § 7-4-12(a).  On January 10, 2022, the prime rate was 3.25%,[3] thus a post-award interest rate of 6.25% is requested.  This amounts to daily interest of $155.63 from January 10, 2022, until the date of entry of the judgment on the Award.

### III.  CONCLUSION

For the reasons set forth above, the Court should enter judgment in favor of Intellivest and against Growth Capital in the amount of the Award, along with daily interest in the amount of $155.63 from January 10, 2022 until the date of entry of the judgment.

DATED:  April 27, 2022                         PRACTUS, LLP


                                               By:  ___/s/ Bernard J. Kornberg_____
                                                       BERNARD J. KORNBERG

                                               Attorneys for Intellivest Securities, Inc.

---

[2] https://www.finra.org/rules-guidance/rulebooks/finra-rules/13904

[3] See https://www.federalreserve.gov/datadownload/Chart.aspx?rel=H15&series=02338be6957591cdba0a59c6f09b8389&lastobs=&from=01/01/2022&to=01/15/2022&filetype=csv&label=include&layout=seriescolumn&pp=Download.  Intellivest requests the Court take judicial notice of this fact pursuant to Federal Rule of Evidence 201.